UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DISTRICT

| | | |
|---|---|---|
| CLINTON D. MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No.: 4:15-cv-1395 |
| | ) | |
| AIR EVAC EMS, INC., | ) | JURY TRIAL DEMANDED |
| d/b/a AIR EVAC LIFETEAM, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff Clinton D. Moore ("Plaintiff") files this complaint against Defendant Air Evac EMS, Inc., d/b/a Air Evac Lifeteam ("Defendant" or "AEL") seeking appropriate relief and compensation for harms resulting from unlawful employment practices under Title I of the Americans with Disabilities Act ("ADA"), Section 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act"), and the Missouri Human Rights Act ("MHRA"). AEL violated Mr. Moore's rights under the ADA, Rehabilitation Act, and MHRA when it demoted Mr. Moore from his position as a flight paramedic because he is a person living with the human immunodeficiency virus ("HIV"). In doing so, AEL unlawfully and adversely altered the conditions of Mr. Moore's employment based upon his disability as defined by these statutes.

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over the subject matter of Mr. Moore's claims under the ADA and Rehabilitation Act pursuant to 28 U.S.C. §§ 1331 and 1343. This Court has supplemental jurisdiction over Mr. Moore's state law claims pursuant to 28

U.S.C. § 1367, because they are related to his federal claims and form part of the same case or controversy.

2.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2), because a substantial part of the events giving rise to the claims alleged herein occurred in this judicial district and division, and AEL resides in this judicial district and division.

## PARTIES

3.     Plaintiff, Clinton D. Moore, resides in the City of Saint Louis, Missouri. Mr. Moore is a person living with HIV and is protected from unlawful discrimination based on his HIV-positive status by the ADA, Rehabilitation Act, and MHRA.

4.     Defendant is a Missouri corporation with its prinicipal plase of business in St. Charles County at 1001 Boardwalk Springs Place, Suite 250, O'Fallon, Missouri, 63368. At all times relevant to this action, AEL has continously had at least 15 employees, thereby qualifying AEL as a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2). AEL receives payments through the Medicaid program, thus making it a covered entity under Section 504 of the Rehabilitation Act, 29 U.S.C. § 794.

## STATEMENT OF FACTS

5.     Mr. Moore was hired by AEL as a flight paramedic on January 12, 2008. In his role as a flight paramedic, Mr. Moore assisted patients who were being transported to medical care facilities. Mr. Moore's duties included airway management, starting intravenous therapies, controlling bleeding, and administering certain advanced medications, among other tasks.

6.     Mr. Moore did not perform what the Centers for Disease Control and Prevention designates "exposure-prone, invasive procedures." Such procedures are

defined as those involving digital palpation of a needle tip in a body cavity or the simultaneous presence of the healthcare worker's fingers and a needle or other sharp instrument or object in a poorly visualized or highly confined anatomic site.

7.      From January 12, 2008, until November 2013, Mr. Moore remained employed by AEL as a flight paramedic and successfully performed his job duties.

8.      In November 2013, Mr. Moore was diagnosed with HIV.

9.      On December 5, 2013, Mr. Moore applied for a medical leave of absence covered under the Family and Medical Leave Act ("FMLA"), so he would be able to take the time off necessary to care for himself and attend to the side effects he was experiencing as a result of the aggressive medical treatment he was undergoing to bring his HIV under control.

10.     After applying for FMLA leave, Mr. Moore was contacted by AEL's Human Resources representative, Tracy Bowlin, who required that he reveal the precise medical reason he was requesting FMLA leave.

11.     Mr. Moore disclosed his HIV-positive status to Ms. Bowlin as a prerequisite to being approved for a leave of absence.

12.     On December 6, 2013, one day after Mr. Moore disclosed his HIV diagnosis, AEL's representatives informed Mr. Moore that he would be placed on administrative leave from his position as a flight paramedic.

13.     AEL cited safety concerns for Mr. Moore's patients as the impetus for placing him on administrative leave.

14.     Prior to being placed on administrative leave, Mr. Moore had received approval to continue working as a flight paramedic from his medical doctor, who was

3

familiar with both Mr. Moore's condition and the tasks that he performed as a flight paramedic.

15.     On or around December 14, 2013, while Mr. Moore remained on forced administrative leave, he was again contacted by AEL's representatives. AEL informed Mr. Moore that he could not continue in his position as a flight paramedic unless he: (1) contacted the board of health in each of the five states in which he flew missions (Tennessee, Missouri, Kentucky, Illinois, and Arkansas); (2) disclosed his HIV-positive status to each and every one of these administrative bodies; and (3) received clearance from each state board to continue working within the state.

16.     The avenue for making such an effort was unclear, and Mr. Moore informed AEL that such a process was unnecessary and would violate the law given his protected status as a disabled individual under the ADA, Rehabilitation Act, and MHRA. Moreover, requiring Mr. Moore to disclose his HIV-positive status in such a way would have resulted in additional emotional distress and could have resulted in new instances of discrimination.

17.     On or around December 14, 2013, AEL informed Mr. Moore that he would be reclassified to a position in the dispatch center if he did not comply with its demand that he seek state-by-state approval to continue working as a flight paramedic.

18.     The dispatch center position is a significant demotion from Mr. Moore's previous position as a flight paramedic, both in responsibilities and compensation.

19.     Because he needed continued health insurance coverage, Mr. Moore continued to work for AEL and began employment in the dispatch center in January 2014.

20.     Mr. Moore's HIV did not and does not pose a threat to the health of his coworkers or the patients he would treat as a flight paramedic. AEL's actions in demoting Mr. Moore are based on misconceptions, outdated beliefs, and irrational fears, rather than current medical science and other factual information regarding HIV.

21.     AEL's conduct in demoting Mr. Moore based on his HIV-positive status is a violation of his rights under the ADA, Rehabilitation Act, and MHRA. All of the foregoing statutes entitle Mr. Moore to remain free from disability-based discrimination in the workplace.

22.     On or about May 31, 2014, Mr. Moore filed a timely charge of discrimination with the U.S. Equal Opportunity Commission ("the EEOC") and the Missouri Commission on Human Rights alleging that his demotion constituted disability-based discrimination and violated federal and state law.

23.     On or about June 24, 2015, the EEOC issued Mr. Moore a Notice of Right to Sue Charging Letter.

24.     Mr. Moore has exhausted the administrative remedies available to him. All conditions precedent to the institution of this suit have been fulfilled.

## CAUSES OF ACTION
## Count 1: Violation of the Americans with Disabilities Act
(42 U.S.C. § 12111 *et seq.*)

25.     Mr. Moore realleges and incorporates the allegations above as if fully set forth herein.

26.     Mr. Moore is an individual with a disability as defined in 42 U.S.C. § 12102(2)(B).

27.     Mr. Moore has been an employee of Defendant Air Evac Lifeteam, as defined by 42 U.S.C. § 12111, from January 2008 until the present. From January 2008 until January 2014, Mr. Moore was employed by AEL as a flight paramedic.

28.     At all times relevant to this action, Mr. Moore has been able to perform his job duties as a flight paramedic without an accommodation for his disability.

29.     AEL's demotion of Mr. Moore from flight paramedic to the dispatch center on the basis of his HIV-positive status constitutes unlawful discrimination prohibited under 42 U.S.C. § 12112.

## Count 2: Violation of the Rehabilitation Act of 1973
(29 U.S.C. § 701 *et seq.*)

30.     Mr. Moore realleges and incorporates the allegations above as if fully set forth herein.

31.     Mr. Moore is an individual with a disability as defined in 29 U.S.C. § 705(20).

32.     Mr. Moore has been an employee of Defendant Air Evac Lifeteam from January 2008 until the present. From January 2008 until January 2014, Mr. Moore was employed by AEL as a flight paramedic.

33.     AEL is a recipient of federal financial assistance via the Medicaid program.

34.     At all relevant times to this action, Mr. Moore was able to perform his job duties as a flight paramedic without an accommodation for his disability.

35.     AEL's demotion of Mr. Moore from flight paramedic to the dispatch center on the basis of his HIV-positive status constitutes unlawful discrimination prohibited under 29 U.S.C. § 794.

## Count 3: Violation of the Missouri Human Rights Act
(Mo. Rev. Stat. § 213.010 *et seq.*)

36.     Mr. Moore realleges and incorporates the allegations above as if fully set forth herein.

37.     Mr. Moore is an individual with a disability as defined § 213.010(4) RSMo.

38.     AEL was and remains Mr. Moore's employer, as defined by § 213.010(7), RSMo from January 2008 to the present.

39.     At all times relevant to this action, Mr. Moore was able to perform his job duties as a flight paramedic without an accommodation for his disability.

40.     AEL's demotion of Mr. Moore from flight paramedic to the dispatch center on the basis of his HIV-positive status constitutes unlawful discrimination prohibited under § 213.055 RSMo.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Moore respectfully requests that this Court:

A.     Order AEL to reinstate Mr. Moore to his position as a flight paramedic and to provide appropriate back pay, prejudgment interest, and/or other affirmative relief necessary, including but not limited to front pay, to eradicate the effects of AEL's disability-based discrimination;

B.     Order AEL to provide Mr. Moore compensation for nonpecuniary damages resulting from the unlawful employment practices described above, including damages for emotional pain and suffering, anxiety, stress, loss of enjoyment of life, humiliation, and other dignitary harms;

D.     Order AEL to institute and implement policies that provide equal employment opportunities for all current and future employees living with HIV;

E.     Grant such further relief as the Court deems necessary and proper; and

F.     Award Mr. Moore costs and attorneys' fees.


                                              Respectfully submitted,

Kyle A. Palazzolo*                            /s/  Bruce E. Hopson
Scott A. Schoettes*                           Bruce E. Hopson, #39167MO
Lambda Legal Defense and Education            The Law Office of Bruce E. Hopson, LLC
Fund, Inc.                                    1221 Locust St., Suite 800
105 W. Adams, Suite 2600                      St. Louis, MO 63103-2380
Chicago, IL 60603                             Telephone: (314) 621-0500
Telephone: (312) 663-4413                     Facsimile: (314) 621-8821
Facsimile: (312) 663-4307                     Email: Bruce.Hopsonlaw@sbcglobal.net
Email: kpalazzolo@lambdalegal.org
Email: sschoettes@lambdalegal.org

*  Admission *pro hac vice* pending

                                              *Attorneys for Plaintiff*